IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUSTIN J. DEES,                  :
AIS #10042003,                   :
    Plaintiff,                   :
                                 :
vs.                              :        CIVIL ACTION 14-273-WS-M
                                 :
ASHLEY MOONEY RICH,              :
*et al.*,                        :
    Defendants.                  :

REPORT AND RECOMMENDATION

This action under 42 U.S.C. § 1983 brought by a pretrial detainee, Justin J. Dees, proceeding *pro se* and *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court on Plaintiff's Complaint. (Doc. 12). After careful consideration of the record, it is recommended that this action be dismissed without prejudice prior to service of process as frivolous pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B(i).

                  I.   Facts and Proceedings

Plaintiff is a pretrial detainee housed at Mobile County Metro Jail based on the charge of murder. (Doc. 12 at 4, 12). He originally commenced this § 1983 action on June 13, 2014, alleging constitutional violations such as willful and knowing violations of the Fifth, Sixth, Eighth

and Fourteenth Amendments, against Mobile County District Attorney Ashley Rich, and Mobile County Circuit Clerk JoJo Schwarzauer, and an ineffective assistance of counsel claim against his then attorney Claude Patton.  (Doc. 1).  In conjunction with his original Complaint, Plaintiff filed a Motion for Leave to Proceed Without Prepayment of Fees (Doc. 4), which was ultimately granted.  (Doc. 5).  On July 11, 2014, Plaintiff filed a Motion to Amend Complaint (Doc. 7), seeking to add as a Defendant, Detective Victor E. Myles, who gave a statement against Plaintiff regarding his underlying murder charge and/or indictment.  Plaintiff was allowed to amend his Complaint and was cautioned that he should not rely on his original Complaint because the Amended Complaint will supersede the previous one.  (Doc. 10).

Plaintiff filed his Amended Complaint naming as Defendants, Mobile County District Attorney Ashley Mooney Rich, Mobile County Circuit Clerk JoJo Schwarzauer, and Prichard Police Officer Victor E. Myles.  (Doc. 12).  Plaintiff alleges that the Defendants knowingly, intentionally, deliberately and willfully violated Plaintiff's constitutional rights under the Fifth, Eighth, and Fourteenth Amendments.  (Doc. 12 at 5-6).  Plaintiff does not specifically name Attorney Claude Patton in the

2

Amended Complaint, though he does seemingly re-allege an ineffective assistance of counsel claim with Claude Patton's name written in the bottom right corner of the "memorandum." (Doc. 12 at 9). Though Plaintiff was cautioned that the Amended Complaint supersedes the previous one, the Court will liberally construe his Amended Complaint as naming attorney Claude Patton as a Defendant who allegedly violated his right to effective assistance of counsel.

By way of the alleged general Fifth, Eighth, and Fourteenth Amendments claims, Plaintiff attempts to attack the evidence on which he was indicted. Specifically, he claims Officer Myles is "corrupt . . . [and] used a previous charge to create a more serious charge on the Plaintiff." (Doc. 12 at 12). Plaintiff claims that he was then indicted "with a more serious charge murder {sic} [by] the state . . . without any evidence know [sic] eye witness[,] know [sic] gun[,] nothing[,] just a crazy ex girlfriend Rose Lee King and a corrupt police officer Victor E. Myles. Officer prejudice [sic]." (*Id.*). Lastly, Plaintiff submits a "memorandum" contesting his right to bail and stating that bail cannot be used as a device to keep a plaintiff in custody before trial, that to

3

do so violates the excessive bail clause of the Eighth Amendemnt. (Doc. 12 at 8).

For relief, Plaintiff "ask [sic] that the Court dismiss charge [sic] with prejudice and order release of Plaintiff from custody." (Doc. 12 at 7).

Because Plaintiff was granted *in forma pauperis* status, the Court is required to engage in an ongoing review process to determine if the Amended Complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28. U.S.C. § 1915A. Based on this ongoing review, the Court finds that Plaintiff's Amended Complaint is due to be dismissed without prejudice as frivolous pursuant to § 1915(e)(2)(B)(i).

## II. Discussion

The federal statutes authorizing incarcerated plaintiffs to file complaints as paupers provide for dismissal of such complaints if they are found to be frivolous. *See* § 1915(e)(2)(B)(i)("Notwithstanding any filing fee, or any portion thereof that may have been paid, the court *shall* dismiss the case at any time if the court determines that-- . . . the action . . . is frivolous or malicious; . . . .")(emphasis added); 1915A(b)(1)("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if

the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; . . ."). A claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where it seeks to enforce a right that clearly does not exist, as is the situation in the present case. *Id.;* § 1915(e)(2)(B).[1]

    a. Claims for Relief Against Defense Counsel

An essential element of a § 1983 action requires a person acting under color state law committed the constitutional violation about which Plaintiff complains. *Miles v. Freeman,* 2014 WL 3767549, at *2 (M.D.Ala. July 31, 2014)(citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40 (1999); *Parratt v. Taylor,* 451 U.S. 528 (1981); *Willis v. Univ. Health Servs., Inc.,* 993 F.2d 837, 840 (11th Cir. 1993). "To state a claim for relief which is viable under § 1983, a plaintiff must assert *both* an alleged constitutional deprivation [] *and* that the party charged

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Bilal,* 251 F.3d at 1348-49.

with the deprivation is a person who may fairly be said to be a state actor." *Id.* (emphasis in original)(quotation marks omitted). An attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk Cnty. v. Dodson,* 454 U.S. 312 (1981); *see also Mills v. Criminal Dis.t Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)("Private attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983"). The claims asserted by Plaintiff against attorney Claude Patton therefore lack an arguable basis in law and seeks to enforce a right that clearly does not exist; therefore, Plaintiff's ineffective assistance of counsel claim is due to be summarily dismissed as frivolous under § 1915(e)(2)(B)(i). *Miles,* 2014 WL 3767549, at *2 (*citing Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

In the alternative, the Court finds Plaintiff's claims against attorney Claude Patton to be moot as a search of the docket sheet in Plaintiff's state court murder case[2] indicates that attorney Claude Patton no longer represents Plaintiff, and Plaintiff was appointed a new defense attorney. *See* Alacourt docket entry dated June 17, 2014

---

[2] Plaintiff's state court murder case is CC-2014-418 in the Alacourt system.

6

setting Motion to Withdraw for hearing, said Motion disposed of by separate order dated June 17, 2014, and entry dated June 19, 2014, stating "Attorney for Defendant: Thomas Robert (Bucky) A." Therefore, Plaintiff's claim for ineffective assistance of counsel as to attorney Claude Patton is moot.

  b.  Claims Seeking Relief from Plaintiff's Incarceration

The remainder of Plaintiff's claims challenge the constitutionality of his incarceration which set forth no basis for relief in the present § 1983 cause of action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). It is well settled that a state prisoner may challenge the fact of his imprisonment only by way of a federal peitition for writ of habeas corpus. *Preiser* at 500; *see also Nelson v. Campbell,* 541 U.S. 637, 643 (2004)(explaining that claims challenging the *fact* of confinement fall within the core of habeas corpus, while claims challenging the *conditions* of confinement may be brought in a civil rights action under 42. U.S.C. § 1983); *Rodgers v. Lovette,* 2011 WL 2910111, at *5 (S.D.Ala. June 24, 2011)(*citing Johnson v. Chisholm,* 2009 WL 3481904, at *1 (S.D.Ga. Oct. 28, 2009)(a pretrial detainee seeking dismissal of his state charges, and immediate release

7

failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition)).

Though the plaintiff in *Heck* sought monetary damages for his alleged unlawful incarceration, the analysis nonetheless applies to Plaintiff's request for relief from imprisonment. Faced with only a damages claim, the *Heck* Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (footnote omitted) (emphasis added, in part). In *Heck*, the Court reasoned that, by establishing the basis for his damages claim, Heck would

"necessrily imply" the invalidity of his conviction. *Id.* at 487, 490. Therefore, his damages claim was not cognizable under § 1983 until the conviction or sentence had been appropriately invalidated. *Id.; see also Williams v. Dunn,* 2007 WL 1424551, at *3-*4 (S.D.Ala. May 11, 2007). Likewise, Plaintiff's claims in the present action are not cognizable under § 1983 because he cannot show that his conviction or sentence has been invalidated by the adjudicating state court. In fact, Plaintiff has not yet even been tried on the charge, and it is only after he has been tried and convicted, or exonerated, that he may challenge the conditions of his confinement at Mobile County metro Jail under § 1983. As such, a favorable finding in the present case by this Court would "necessarily imply" that Plaintiff is being wrongfully held on the underlying murder charge; a finding which, at this juncture, this Court is prohibited under *Heck* from making. Thus, Plaintiff's Amended Complaint must be dismissed.

Once Plaintiff has been convicted and sentenced, or exonerated, he is cautioned that he may contest his present confinement by filing the appropriate habeas petition only after exhausting state remedies. *Arnold v. Crews,* 2014 WL 4059935, at *3 (N.D.Fla. Aug. 17, 2014). An inmate cannot proceed on such a claim in a § 1983 action so as to avert

the exhaustive requirements attendant to habeas actions. *Wilkes v. Pinston,* 2014 WL 2961107, n.5 (M.D.Ala. July 1, 2014)(*citing Richardson v. Fleming,* 651 F.2d 366 (5th Cir. 1981)(citation omitted). These exhaustive requirements include appropriate motions filed with the state district or circuit courts and, if convicted, a direct appeal and/or a Rule 32 petition raising claims which go to the validity of any conviction which may be imposed. *Id.*

In addition, a general state petition for habeas relief is the proper vehicle in which to challenge the amount set for Plaintiff's bail/bond. *Id.* (*citing Ex parte Stokes,* 990 So.2d 852, 856 (Ala. 2008). Upon full and proper exhaustion in the state courts, Plaintiff may then seek relief from this Court with respect to the exhausted claims through an appropriate action for habeas corpus relief. Thus, Plaintiff improperly filed a § 1983 action since his claims challenge the Defendants' actions which caused his confinement, rather than complaining of the actual conditions of his confinement. Accordingly, because these claims seek to enforce a right which clearly does not exist, Plaintiff's Amended Complaint is ripe for dismissal without prejudice as frivolous pursuant to § 1915(e)(2)(B)(i).

III. Conclusion

Based on the foregoing, it is recommended that Plaintiff's Amended Complaint be dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B(i).

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 28th day of August, 2014.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE